**Noah Lee OWENS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12366.**

Criminal Court of Appeals of Oklahoma.

Nov. 21, 1956.

Cleon A. Summers, Earl Boyd Pierce, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Noah Lee Owens, defendant below, was charged by information in the District Court of Muskogee County, Oklahoma, with the crime of robbery by force and fear of Luther Worthington, from whom he forcibly took $76 and a wrist watch, said crime allegedly being committed on or about the 3rd day of March, 1955. He was tried by a jury, convicted, and his punishment fixed at 12 years in the penitentiary. Judgment and sentence were entered ac-

cordingly, from which this appeal has been perfected.

Briefly, the facts are that Luther Worthington was employed as a porter in the Huber Hotel in the city of Muskogee. Leslie Richards, desk clerk for the hotel, informed the porter that a coca cola had been ordered in a room occupied by one Phyllis Ann Johnson. The porter took the coca cola to the room of the Johnson girl, and upon entering therein and setting the coke down, one of two men in the room attacked him by putting his arm around his neck and telling him to be quiet, not to make a move or he would kill him. At the same time, he felt a sharp instrument at his neck which he believed to be a knife. He related that they tied his hands behind him with a telephone cord, blindfolded him with a sheet, stuffing part of it in his mouth, and tied his feet. Thereafter, removing from him his wrist watch and his wallet containing $76. The Johnson girl and the two men in the room immediately left. Worthington was able to release his feet and remove the blindfold and run downstairs. The Johnson girl was preceded down stairs by the two men who carried her bags. She stopped at the desk to pay the bill and upon observing Worthington coming down the stairs, she threw $15 down upon the desk and fled without waiting for her change. The defendant, Owens, and his companion, Jimmy Sells, were arrested in Ft. Worth, Texas, together with the Johnson girl and another known prostitute, by Detective Harris from Ft. Worth who related that Sells and the defendant switched the watch back and forth one to another in an effort to prevent detection of the same. Finally, the watch was taken off Owens. Thereafter, Detective Harris testified, Owens admitted to him that he had taken the watch from the porter in Muskogee but said he did not know how much money he had taken.

The evidence offered on behalf of the defendant was to the effect that he came into the room and found the Johnson girl in tears because she had been unable to get the porter to pay her some money he had which belonged to her and that he grabbed him by the arm and forced him to turn the money over to the girl; that he did not intend to keep the money and did not keep it but was merely acting as an agent for collection of that which rightfully belonged to the Johnson girl. The record shows that the defendant married the Johnson girl shortly after the crime was committed.

The defendant has sought to make much of the fact that the case reflects a sordid and very unsavory situation for the reason that the Johnson girl was only 16 years of age and was in the company of two seasoned prostitutes, practising prostitution in Muskogee, and that Luther Worthington was brazenly acting in the capacity of procurer.

 The court is in accord with these observations, but they are facts only incidental to the charge herein laid, which the jury found was supported by the evidence. The record herein presented a question of fact solely within the province of the jury and it has been repeatedly held:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts." Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

The only point urged by the defendant is that the judgment and sentence imposed is excessive and that this court is empowered under the provisions of 22 O.S.1951 § 1066 to modify judgments where justice requires such action. If this were the case of a first offender, this contention might appeal to us. But, the record discloses that on September 6, 1953, the defendant, Noah Lee Owens, pled guilty to a charge of armed robbery, (or grand larceny, the record does not clearly state), and was sentenced to 5 years probation. Thereafter, the probation was re-

voked and he served 90 days in the county jail, Bakersfield, Crane County, California.

Under these conditions, this case does not present a situation which warrants this court to exercise its power of modification on behalf of this defendant.

Judgment and sentence is affirmed.

JONES, P. J., and POWELL, J., concur.